FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELINDA E., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:21-CV-344-JAG <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney Dana Madsen represents Melinda E. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I.    JURISDICTION

Plaintiff filed applications for on April 4, 2019, alleging disability beginning December 22, 2014.[1]  The applications were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Stallings held a hearing on

---

[1] Plaintiff later amended her alleged onset date to July 4, 2018. Tr. 18.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

February 2, 2021 and issued an unfavorable decision on February 22, 2021. Tr. 15-29.  The Appeals Council denied review on October 19, 2021.  Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on December 11, 2021. ECF No. 1.

## II.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098.

Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV. ADMINISTRATIVE FINDINGS

On February 22, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 4, 2018, the amended alleged onset date. Tr. 18.

At ***step two***, the ALJ determined that Plaintiff had the following severe impairments: polyarticular psoriatic arthritis; osteoarthritis of the right knee; bursitis of the hips; hammertoes, status post surgery; visual acuity disturbance with cataracts; Raynaud's disease; peripheral vascular disease with claudication; degenerative disc disease of the cervical and lumbar spine; bilateral rotator cuff syndrome. Tr. 18.

At ***step three***, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work, subject to a series of additional limitations:

> She can sit for up to two hours at a time for a total of approximately seven hours in an eight-hour workday. She can stand for up to one hour at a time for a total of approximately three hours in an eight-hour workday. She can walk for up to 15 minutes at a time for no more than two hours in an eight-hour workday. Her ability to push and pull is limited to frequent rather than constant. She can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead bilaterally. Reaching in all other directions is limited to frequent rather than constant. She will need to avoid concentrated exposure to extreme cold and all exposure to excessive vibration, unprotected heights, hazardous machinery, and operational control of moving machinery. She will need to avoid jobs that require depth perception for the completion of tasks.

Tr. 20.

At ***step four***, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 27.

At ***step five***, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 27.

The ALJ thus concluded Plaintiff was not disabled from July 4, 2018, through the date of the decision. Tr. 28.

## V.  ISSUE

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises one issue for review: whether the ALJ erred by discounting her subjective complaints. ECF No. 14 at 19-20.

## VI.  DISCUSSION

Plaintiff contends the ALJ erred by not properly assessing her symptom complaints.  ECF No. 14 at 19-20.  Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff alleged "she is unable to sustain basic work activities on a regular and continuing basis because of her impairments, specifically osteoarthritis, psoriatic arthritis, Raynaud's, fibromyalgia, and blindness in the right eye." Tr. 20.

The ALJ discounted Plaintiff's testimony as: (1) inconsistent with the medical evidence; and (2) inconsistent with her activities.  Tr. 21-24.  These reasons are clear and convincing, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995)); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007), and no error is apparent to the Court.[2]  As discussed below, Plaintiff fails to show the ALJ's findings were unsupported.

In challenging the ALJ's treatment of her testimony, Plaintiff argues in cursory fashion that "the ALJ has based the Unfavorable Decision upon normal findings on examination and ignored the objective findings.  The ALJ also based

---

[2] *See* Tr. 21-24 (reasonably contrasting the medical evidence with Plaintiff's allegations); Tr. 24 (evaluating the record and testimony and reasonably concluding Plaintiff acted as her partner's "primary caregiver," in contrast to Plaintiff's claims in her function report).

the Unfavorable Decision upon the opinion of nonexamining, nontreating doctors of the Disability Determination Services who allegedly reviewed [Plaintiff's] records.  This finding ignores the numerous objective records which would fully corroborate [Plaintiff's] testimony." ECF No. 14 at 20 (internal citations omitted).

      Plaintiff bears the burden of showing the ALJ harmfully erred.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).  Here, Plaintiff's argument is a conclusory statement that the ALJ erred, made without elaboration, explanation, or citation to supportive evidence.  Plaintiff neither identifies what subjective complaints were improperly discounted nor addresses the grounds on which the ALJ discounted her subjective complaints.  Plaintiff thus falls far short of meeting her burden to show the ALJ harmfully erred.  *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. …We require contentions to be accompanied by reasons."); *Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity); *Gonzalez-Hernandez v. Colvin*, 2014 WL 4685234, at *5 (E.D. Wash. Sept. 19, 2014) ("At base, Plaintiff contends she is disabled.  The ALJ recounted Plaintiff's activities of daily living, the objective medical evidence, and reconciled the competing opinions and evidence as he was obligated.  No harmful error has been briefed or shown.  Because Plaintiff's arguments have not been raised with any more particularity, the Court will decline to address anything further.") (internal citations omitted); *id.* ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work - framing the argument and putting flesh on its bones through a discussion of the applicable law and facts.") (quoting *Rogal v. Astrue*, 2012 WL 7141260, at *3 (W.D. Wash. Dec. 7, 2012), *report and*

*recommendation adopted*, 2013 WL 557172 (W.D. Wash. Feb 12, 2013), *aff'd sub nom. Rogal v. Colvin*, 590 F. App'x 667 (9th Cir. 2014)).

The Court accordingly rejects Plaintiff's conclusory argument and, on its own review of the record, declines to disturb the ALJ's findings.

## VII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 30, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE